UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

NORMAN A. ELLIS, )
)
          Plaintiff, )
  vs. )   1:05-cv-903-SEB-VSS
)
CHRISTOPHER J. SMITH, et al., )
)
          Defendants. )

**Entry Discussing Pending Motions and Directing Entry of Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted, the plaintiff's cross-motion for summary judgment and motion to amend must be denied, and this action must be dismissed for lack of jurisdiction.

**I. Motions for Summary Judgment**

Norman Ellis (hereafter "Ellis") sues Christopher J. Smith and Health and Wishard Health Services (hereafter "Wishard" or "Wishard Hospital") based on torts allegedly committed against Ellis on May 18 and 19, 2003. Ellis asserts claims in this lawsuit based on those alleged torts. The claims are asserted under Indiana state law only, with the federal claims having been withdrawn. The court has retained jurisdiction over the state law claims, though the action was removed from an Indiana state court, pursuant to 28 U.S.C. § 1367(a). *See Lawrence v. Kenosha County,* 391 F.3d 837, 844 (7th Cir. 2004).

The defendants seek resolution of Ellis' claims through the entry of summary judgment. Ellis likewise seeks resolution of the matter through the entry of summary judgment. A district court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Note to 1963 Amendment of Fed.R.Civ.P. 56(e) (quoted in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the time of the incident forming the basis of Ellis' claims in this case, Christopher J. Smith as a police officer with the City of Indianapolis, and Ray Werts was employed by Wishard as an EMT. After Officer Jones had arrested Ellis for a traffic violation, Ellis was taken to a police station, paramedics were called to administer first aid to Ellis, and Werts responded, as did others.

Both the City of Indianapolis (hereafter "City") and Wishard are political subdivisions within the meaning of the Indiana Tort Claims Act, IND. CODE § 34-4-16.5-1 et seq. (hereafter the "ITCA"). The ITCA provides, among other things, that a claim against a political subdivision is barred unless the prescribed notice is filed within 180 days after the loss occurs. IND. CODE § 34-4-16.5-7; *Bradley v. Eagle-Union Community Sch. Corp. Bd. of Sch. Trustees*, 647 N.E.2d 672, 676 (Ind.Ct.App. 1995). This notice must provide certain facts and be served upon the governing body of the governmental entity in a prescribed form. IND. CODE §§ 34-13-3-10, 34-13-3-12. The notice requirements of the ITCA apply not only to suits against political subdivisions but also to suits against employees of political subdivisions. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind.Ct.App. 1992). Notwithstanding the premise of Ellis' claim that he was mistreated, the notice provision of the ITCA applied to the misconduct Ellis has alleged in this case. City of Anderson v. Davis, 743 N.E.2d 359, 366 n.4 (Ind.Ct.App. 2001).

The parties are in agreement that Ellis did not file a notice of tort claim or otherwise comply with the notice provision of the ITCA with respect to the events forming the basis of his claims in this case. There is also no contention that Ellis was exempt from filing such a notice.[1] The failure to file a timely notice satisfying the requirements of the Indiana Tort Claims Act constitutes a jurisdictional bar to any tort action against a political subdivision. *Warfield v. Adams,* 582 F. Supp. 111, 120 (S.D.Ind. 1984). In this case, because Ellis should have complied with the notice provision of the ITCA but failed to do so, the court lacks jurisdiction over his claims against the defendants and the defendants' motion for summary judgment must be **granted.** Ellis' motion for summary judgment must be **denied.**

## II. Request to Further Amend Complaint

The court has treated Ellis' second amended complaint (docket #41) as a request to further amend the complaint to add claims against putative defendant Ray Werts and perhaps other Wishard employees. The court has kept that request under advisement until a ruling is made on the defendants' motion for summary judgment.

The federal claims in this case have dropped out. The court lacks jurisdiction over the pendent state law claims against Wishard and against Officer Jones for the reasons explained in Part I of this Entry. Although Ellis seeks to further amend his complaint by adding claims against Ray Werts as an individual and possibly other Wishard employees, he seeks only to assert state law claims against such putatitve defendants. There are no circumstances in the second amended complaint or which are otherwise discernible in this case which would make this court the proper forum in which such claims could be filed. Accordingly, Ellis' request to further amend his complaint by adding claims against putative

---

[1]The 180-day notice requirement is subject to the following statutory exception: "If a person is incapacitated and cannot give notice as required . . . the person's claim is barred unless notice is filed within one hundred eighty (180) days after the incapacity is removed." IND. CODE § 34-4-16.5-8. Ellis does not contend that he falls within this exception to the notice requirement.

defendant Werts and other Wishard employees is **denied.**

**III.**

Judgment consistent with the rulings in Parts I and II of this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/13/2006

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana